UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ELQUAN TREIR EL | Plaintiff |
| v. | Civil Action No. 3:17-CV-743-RGJ-CHL |
| COMMISSIONER OF SOCIAL SECURITY, NANCY BERRYHILL | Defendant |

\* \* \* \* \*

## **MEMORANDUM OPINION & ORDER**

This matter comes before the Court on the Motion for Reconsideration (the "Motion") [DE 17] of *pro se* Plaintiff Elquan Treir El ("El"). The matter is ripe. For the reasons below, the motion is GRANTED and El will have 45 days from the entry of this Order to serve the summons and complaint as set forth below.

## **BACKGROUND**

El filed his complaint against the Commissioner of Social Security and paid the $400 filing fee on December 11, 2017. [DE 1]. El states in his complaint that he is seeking judicial review of a decision of the Commissioner of Social Security relating to disability benefits. [*Id*.] After filing the complaint, El was responsible for properly serving both the summons and the complaint within 90 days. Fed. R. Civ. P. 4(c)(1) and 4(m). To effectuate service upon the Commissioner of Social Security, El was required to serve a copy of the summons and complaint upon three separate officers as set forth below.

    1. Service of Process

First, El had to serve a copy of the summons and complaint personally upon the United States Attorney for the judicial district in which the action is being brought (here the Western District of Kentucky) or his designated employee under Fed. R. Civ. P. 4(i)(1)(A)(i) and (ii).

Service to the United States Attorney can also be made by certified mail, return receipt requested, Fed. R. Civ. P. 4(i)(1)(A). The address of the United States Attorney in the Western District of Kentucky is: **United States Attorney, United States Attorney's Office, 717 West Broadway, Louisville, Kentucky 40202.**

Second, El needed to serve a copy of the summons and complaint by certified mail, return receipt requested, upon the United States Attorney General at his or her office: **Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001**, under Fed. R. Civ. P. 4(i)(1)(B).

Finally, El was required to serve a third copy by certified mail, return receipt requested, upon the Social Security Administration's Office of General Counsel, under Fed. R. Civ. P. 4(i)(2). If El's case involves benefits under Titles II, VIII or XVI of the Social Security Act, then he was required to serve the summons and complaint upon the Office of General Counsel that is responsible for the processing and handling of litigation in the particular court jurisdiction in which the beneficiary filed the complaint. Here, for U.S. District Court in the Western District of Kentucky, that office is **Office of the Regional Chief Counsel, Region V, Social Security Administration, 200 West Adams Street, 30th Floor, Chicago, IL 60606-5208**, under 42 U.S.C. §205(g); 20 C.F.R. §423, *see also* Social Security Program Operations Manual System ("POMS"), GN 03106.020, Service of Process, http://policy.ssa.gov/poms.nsf/lnx/0203106020. However, if El's cases does not involve an individual claim for benefits under Titles II, VIII, or XVI of the Social Security Act, then the summons and complaint should go to: **The General Counsel, Social Security Administration, Room 617, Altmeyer Building, 6401 Security Boulevard, Baltimore, MD 21235-6401.** *Id.* Here, El's complaint is silent as to whether it involves Titles II, VIII or XVI of the Social Security Act. [DE 1].

On June 29, 2018 the Court issued an order for El to show cause why the action should not be dismissed under Rule 4(m). [DE 10]. The order stated that the docket reflected no action by El after the filing of the complaint. [*Id.*]

2. El's Attempted Service of Process

On July 11, 2018, El returned summons addressed to Nancy Berryhill, Acting Commissioner, 6401 Security Boulevard, Baltimore, MD 21235-0001. [DE 11 at 19–21]. The signature line is stamped "SOCIAL SECURITY ADMINISTRATION BALTIMORE, MD 21235," and the date of delivery is stamped "DEC 16 2017." [DE 11 at 21]. This service of process was not effective because it was addressed to Nancy Berryhill, Acting Commissioner, rather than the correct addressee as set forth above.

Also on July 11, 2019, El returned summons addressed to Jefferson Session, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 2053-0001 [sic]. [DE 11 at 24]. The signature line and date of delivery are illegible. [*Id.*]

On August 7, 2018, El returned summons addressed to "US Attorney, 717 W. Broadway, Louisville, KY 40202." [DE 13]. The delivery signature is illegible. [DE 13 at 30]. The delivery date appears to be July 16, 2018. [*Id.*]. The delivery address is difficult to read and appears to be "Doe Anderson 620 W Main/Atria [illegible] Greenbaum 101 S.5th St. W [illegible]." [*Id.*]

3. Second Show Cause Order

On January 10, 2019, the Court issued a second show cause order requiring El to show cause in writing within 30 days as to the why the action should not be dismissed under Fed. Rule Civ. P. 4(m). [DE 15]. The Order advised El that failure to comply may result in dismissal. [Id.] On March 5, 2019, after no further docket activity, the Court dismissed the action without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 4(m). [DE 16]. On

April 22, 2019, El moved for Reconsideration ("Motion"). [DE 17]. In the Motion, El states a timeline of his attempts at service of process.

> Rule 4(m) provides:
>
> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Even if the plaintiff lacks good cause, the court may extend the time for service. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996)).

Here, the service of process required of El is complicated because it requires the service of three difference officers. El has attempted to serve these officers as set forth above. As a result, under Fed. R. Civ. P. 60(b)(6), **IT IS ORDERED** as follows:

1. The Motion for Reconsideration [DE 17] is **GRANTED** and this action is reinstated on the Court's active docket.

2. The Clerk of Court shall prepare and issue summons for the following:

   United States Attorney
   United States Attorney's Office
   717 West Broadway
   Louisville, KY 40202

   United States Attorney General
   U.S. Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, DC 20530-0001

   Office of the Regional Chief Counsel, Region V
   Social Security Administration
   200 West Adams Street
   30th Floor
   Chicago, IL 60606-5208

        The General Counsel
        Social Security Administration, Room 617
        Altmeyer Building
        6401 Security Boulevard
        Baltimore, MD 21235-6401

3. The Clerk of Court shall mail a copy of the above summonses, along with a copy of this Order, to the Plaintiff at his last known address [DE 14]: 15906 Morrison Preserve Dr. #4402, Charlotte, N.C. 28277.

4. The Plaintiff Elquan Treir El **shall have 45 days from the entry of this Order to serve the summons and complaint upon the the four officers as set forth above by certified mail, return receipt requested; otherwise, this action will be dismissed.**

5. Plaintiff must file the proofs of service with the Court.

*Rebecca Grady Jennings, District Judge*
United States District Court

November 26, 2019